### Joseph V. Brown & another *vs.* George Foster & Trustees.

An assignment under *St.* 1836, *c.* 238, is not made void by the assignor's giving a preference to one of his creditors immediately before the execution of the assignment. Two sheets of paper, one folded within the other, were taken by a scrivener, and an assignment under *St.* 1836, *c.* 238, was written and executed on the first pages of the first sheet. A magistrate, immediately after the execution of the assignment, wrote and signed on one of the pages of the second sheet, a certificate that the assignor " within named " made oath that he had " thereby conveyed all his property, not exempted by law from attachment, for the benefit of all his creditors, according to the true intent and meaning of the statute in such case made and provided ": Both sheets were delivered to the assignees and were kept together ; and a schedule of the property assigned was soon after made and annexed, and the whole were then stitched together as one instrument. *Held,* that the certificate of the oath of the assignor was " indorsed on the instrument of assignment," within the meaning of the statute

SAMUEL GRAY and John Harding were summoned as trustees of Foster, the principal defendant. It appeared from the answer of Gray, and from an affidavit of a third person, which the parties agreed should be used as evidence, that Foster, on the 23d of June, 1837, executed an assignment of his property to Gray and Harding, under *St.* 1836, *c.* 238 : That immediately upon the execution of said assignment, Foster made oath before a magistrate, that he thereby conveyed all his property, not exempted by law from attachment, for the benefit of all his creditors ; and that a certificate of said oath was written and signed by the magistrate, as is hereinafter mentioned in the opin-

ion of the court : That said Gray and Harding thereupon took possession of the property assigned ; and that " all the foregoing was done between the hours of eight and nine, A. M. or about that time " : That the assignees were summoned in this action, about two o'clock, P. M. of the same day ; and that they afterwards, on the same day, took an account of the property assigned, made a schedule thereof, and attached the same to the instrument of assignment, in the manner described hereafter in the opinion of the court : That said Foster, in the morning of said 23d of June, 1837, between the hours of eight and ten A. M. delivered to a person, who was surety for him at the Essex Bank, several notes payable to said Foster or order, and by him indorsed, for the purpose of indemnifying said surety ; and that said Gray, " before the execution of said assignment, and on the same day of the assignment, heard said Foster say that there was one note at the Essex Bank, upon which he had indorsers, and that he thought he ought to secure them ; but whether he did or not " said Gray did not know.

Several of Foster's creditors became parties to the assign ment ; but not until after the assignees had been summoned in this suit.

*Hazen*, for the plaintiffs. This assignment was void, according to the spirit of the decision in *Perry* v. *Holden*, 22 Pick. 269, by reason of the preference given to the assignor's surety at the bank.

The proviso in § 1 of *St.* 1836, *c.* 238, that a certificate of the oath of the debtor shall be indorsed on the instrument of assignment, constitutes a condition precedent. Shep. Touch. 121. 19 Vin. Ab. Statutes, E. 6. pl. 7. The certificate, in this case, was not " indorsed." To indorse, is to write on the back of the paper itself. *Hartwell* v. *Hemmenway*, 7 Pick. 117 *Montague* v. *Smith*, 13 Mass. 396.

*Saltonstall*, for the trustees. By the evidence in the case, the securing of Foster's surety at the bank was anterior to the execution of the assignment, and not a part of the same transaction. It was otherwise in *Perry* v. *Holden*, and the de

:ision in that case is therefore not applicable. *Fairbanks* v. *Haynes*, in this county, November term, 1839.

The provision in the statute, that the certificate of the debtor's oath shall be indorsed on the assignment, may be regarded as directory only. But if it be a condition precedent, that condition has been performed. The term "indorsed" is not to be taken literally. A writing intended to operate as an indorsement will be regarded as such, on whatever part of the paper it may be inscribed. *Rex* v. *Bigg*, 1 Stra. 18. See also *Nason* v. *Dillingham*, 15 Mass. 170. 2 Dwarris on Statutes, 714, 715.

SHAW, C. J. The question is, whether the trustees are liable to be charged on their answers. It appears by the answers, that George Foster, the principal debtor, made an assignment to the trustees for the benefit of his creditors, purporting to be made conformably to *St.* 1836, *c.* 238, respecting the assignment of the estate of insolvent debtors. Before the assignment was executed by the creditors, but after it was executed by the debtor and trustees, the plaintiff made his attachment. If, therefore, the assignment was not valid according to the statute, the title of the attaching creditor would have preference to that of the assignees.

The attaching creditor seeks to avoid the assignment on two grounds ; first by the giving of a preference to a particular creditor, and that known to one of the assignees, or respecting which he was put upon inquiry, and might have ascertained the fact : Second, because the certificate of the oath of the debtor was not indorsed on the assignment.

In regard to the first, we think the point is settled by the late case of *Fairbanks* v. *Haynes*, in this county. (23 Pick.) However such a preference may affect the right of the debtor to have his discharge, it does not avoid the assignment, unless it is given by the assignment itself, or by some instrument or act, so connected with the assignment, as to be deemed in law part of the same transaction.

The other objection to the validity of the assignment, on the ground that it does not conform to the statute, requires more consideration. The statute provides, § 1, that debtors may as-

sign, &c. and such assignment shall be valid against any attach-
ment thereafter made, provided the debtor shall make oath, a
certificate of which shall be indorsed on the instrument of as-
signment, &c.  It was contended in support of the assignment,
that although by this clause, the taking of the oath by the debtor
might be a condition precedent, without which the assignment by
force of the statute would not take effect, yet that the provision in
regard to the indorsement was merely directory, and not a con-
dition ; and therefore if the oath was taken, the assignment was
valid, although the direction to indorse the certificate of that fact
on the assignment was not complied with.

When a statute directs that an instrument shall be framed in a
certain way and shall have a certain legal effect, it is often diffi-
cult to determine, whether a particular provision constitutes a
condition or only a direction ; and in this case we have not found
it necessary to decide that question. . It appears by the trustees'
answers, that at the time the assignment was made, the debtor
took the oath required by the statute, before a magistrate of
competent authority, who then and there wrote and signed a cer-
tificate, on a paper folded with the assignment, but not annexed
to it by a thread or wafer, or otherwise. It was long since held,
even under a penal statute and in a capital case, that a writing,
intended to operate as an indorsement, was an indorsement within
the statute, whether written on the back or the face of the pa
per.  *Rex* v. *Bigg,* 1 Stra. 18.   *S. C.* 3 P. W. 419.

It appears by the trustees' answers, and by inspection of the
original papers, that the scrivener, who wrote the assignment,
took two sheets of paper, of a particular size and quality, and
folded them together, one within the other, in order, apparently,
to have sufficient room for the assignment, the signatures, the
certificate and schedules.  The assignment, and signatures of the
principal parties, not occupying the whole of the two first pages,
did not extend to the second sheet ; but the certificate was writ-
ten on one of the pages of the second sheet.   The two sheets,
thus folded, were delivered together to the assignees, as the as-
signment ; have always been kept together as such ; and in a few
days after the execution, when the schedule was completed and

annexed, the whole were stitched together, as one instrument. Further, the form and tenor of the certificate show that the two sheets were together, under the hand of the magistrate, when he made it. It is proved by the answer of the trustees, that the oath was in fact taken and certified, at the same time the assignment was made. The certificate states thus, after the date : " Then personally appeared George Foster *within named*, and made oath that he has *hereby* conveyed all his property, &c. ac cording to the true intent and meaning of the statute," &c. It appears, therefore, that they had the statute before them, and intended to comply with it, and that the parties considered the instrument as consisting of the two sheets ; and the second referred to the first as constituting together one instrument. Under these circumstances, the court are of opinion, that without violating any principle, they may consider the assignment, as the parties considered it, as consisting of the two sheets of paper, thus folded together, and that the certificate was indorsed on the assignment, within the meaning of the statute. Any other construction would seem to be adhering to the letter contrary to the spirit and effect of the statute. The object of the statute no doubt was, that the oath should be simultaneous with the assignment and go with it. Here that was done. Both were delivered together. It was thus put beyond the reach and the power of the debtor ; it was binding upon him, and would have subjected him to the penalties of perjury, if it was false. Being received by the assignees as part of the assignment, it was their duty to preserve and produce it as such, and it would have been a breach of trust in them not to do it.

This case is quite distinguishable from that of *Montague* v *Smith*, 13 Mass. 396. In that case, the awards were written on detached papers, not intended and not purporting to be indorsed on the leases, and therefore not conformable to the covenant.

*Trustees discharged.*