## HERVEY COWDERY v. N. M. JOHNSON.

*False Imprisonment. Sheriff. Service of Process.
Deputation.* R. L. s. 858.

1. Under the statute,—R. L. s. 858,—which provides that the sheriff may depute any proper person to serve a writ, or other precept, by indorsing thereon a special deputation, the deputation may be written on a separate piece of paper and attached to the back of the process by the sheriff, or, in certain circumstances, he may authorize another to attach it for him.

2. It is not necessary that the deputation should state that the deputy is a " proper person;" it is presumed that he is such.

3. The court give no countenance to the practice of putting deputations into the hands of a special deputy for him to use as he may have occasion on processes not coming within the cognizance of the sheriff.

TRESPASS for false imprisonment. Pleas, general issue, two pleas in bar, and notice. Trial by court, June Term, 1887, VEAZEY, J., presiding. Judgment for the defendant. The case appears in the opinion of the court.

*Bates & May*, for the plaintiff.

The deputation of defendant required a judicial decision of certain facts and the performance of a corporal act by the sheriff. It is analogous to the authorization by a justice of a person to serve a writ. Sec. 862 R. L. It cannot be done in blank or by proxy, Kellogg, *Ex parte*, 6 Vt. 509. In *Kelly* v. *Paris*, 10 Vt. 261, an authorization in legal form upon a blank writ which was afterwards filled was held bad, the court holding that it was the amanuensis and not the magistrate who conferred the authority and actually made the appointment. *Ross* v. *Fuller*, 12 Vt. 270. The statutory form of authorization must be followed. *Edgerton* v. *Barrett*, 21 Vt. 196; *Washburn* v. *Hammond*, 25 Vt. 648; *Howard* v. *Walker*, 39 Vt. 163; *Carr* v. *Tyler*, 28 Vt. 783; *Dolbear* v. *Hancock*, 19

Vt. 388 ; *Brooks* v. *Farr*, 51 Vt. 396 ; *Allen* v. *Smith*, 12 N. J. L. 159 ; *Meyer* v. *Bishop*, 27 N. J. Eq. 141.

The opinion in *Ross* v. *Shurtleff*, 55 Vt. 177, construes sec. 860. It is not an authority in this case, for the authority there given is by statute.

*Ide & Stafford* and *Harry Blodgett*, for the defendant.

The defendant had the necessary authority to serve the process. The original authorization extended to the final completion of all that could be done under that execution, or any renewals thereof. *Ross* v. *Shurtleff*, 55 Vt. 177 ; R. L. s. 860 ; *Leonard* v. *Allen*, 13 Mass. 295. The defendant was lawfully deputed to serve the *alias* upon which the arrest was made. *Bellows* v. *Weeks*, 41 Vt. 603 ; Kellogg, *ex parte*, 6 Vt. 509 ; Rob. Dig. 573.

The opinion of the court was delivered by

ROWELL, J. The original and the *alias* executions had been put into the hands of the sheriff for service, and he had deputed the defendant to serve them, but he had returned them unsatisfied. On April 15, 1885, the sheriff left the State, and was gone several days. The day he went away or the day before, Mr. Blodgett, the attorney of the execution creditor, called on him with reference to serving a *pluries* execution. He told Mr. Blodgett he was going away, but if he would bring him the *pluries* before he went, he would indorse upon it a deputation to the defendant, and if he did not get around with it before he went, he would leave a deputation to be pasted onto the back of it. Blodgett did not get round with the execution before the sheriff went, so the sheriff wrote a deputation to the defendant on a slip of paper and signed it, leaving the date blank, and just before he went away gave it to the defendant, and authorized him to fill in the date and to use it as a deputation to serve precepts of the character of executions. At the same time he gave the defendant other similar deputations, and also deputations to serve another kind of writs, and explained

Cowdery *v.* Johnson.

to him the difference, and directed him to use them by pasting them upon the backs of such writs and other processes as they applied to and as he might be called upon to serve during his absence, and told him he would have occasion to use one of them soon, but did not tell him upon what process. On the same day Mr. Blodgett took out a *pluries* execution and carried it to the defendant, a proper person to serve the same, who thereupon took a deputation applicable to the precept, filled in the date, and handed it to Mr. Blodgett to paste onto the back of the execution, which he did, and then handed the execution to the defendant to serve, and he served it by arresting and imprisoning the plaintiff, and this is complained of as a trespass, for that the defendant was not lawfully deputed to make the service.

The statute provides that the sheriff may depute any proper person to serve a writ by indorsing thereon a special deputation. R. L. s. 858. Although to indorse means to write on the back of, yet it is not necessary under this statute that the deputation should be written upon the very fabric of the process itself. It may be written on another piece of paper and attached to the back of the process by the sheriff, or he may, in certain circumstances, authorize another to attach it for him.

In this case the sheriff's attention was called to the particular execution in question, and he made and delivered to the defendant a deputation applicable thereto and designed therefor, and authorized him to use it thereon, with the intent and purpose of thereby conferring upon him lawful authority to serve the same, and that same deputation, or one like it, but from the exceptions it rather seems to have been the same, was used accordingly, and thereby became and was indorsed upon the execution as effectively as though put there by the sheriff himself. Indeed it was put there by him in the eye of the law; he performed the act by another as his instrument, and the requirement of the statute was fulfilled.

We give no countenance to the practice of putting deputations into the hands of a special deputy for him to use as he

may have occasion on processes not coming within the cognizance of the sheriff, as this case discloses was done, nor intimation in favor of the validity of such authorizations.

The statute is that the sheriff may depute "any proper person"; and it is claimed that the deputation itself must state that the deputy is a proper person, which this deputation does not do.

It is said to be a general rule that when authority is given *sub modo* the special circumstances that confer it must affirmatively appear. *Brooks* v. *Farr*, 51 Vt. 396. This was said in reference to the necessity of stating the statutory cause for directing a writ to an indifferent person. It was also said, but not decided, that it would be more consistent with analogy to require it to appear that the person authorized was an indifferent person. But such a requirement would seem not to come within the rule, for the fact of indifference is not of the circumstances conferring the authority to make the appointment, but pertains only to the kind of a person to be appointed; and in *Miller* v. *Hayes*, Brayt. 21, the fact of indifference was held not necessary to be stated.

We construe the statute under consideration as not requiring the deputation to state that the deputy is a proper person. The next clause of that section is, that when he deems it necessary the sheriff may depute "some person" to serve a warrant in a criminal case. Surely it cannot be necessary in such a deputation to state that the deputy is *some person*. The former clause of the section means no more than the latter, and is the same as though it read *a person*, in which case it would have to be a proper person, that is, one who might legally act, the same as now, and in either case, whether a proper person or not would have to be determined by the general law applicable to the subject. The presumption in favor of the regularity of official acts is sufficient in the first instance and until the impropriety of the appointment is made to appear.

Judgment affirmed.