DOYLE ET AL. v. HEROD.

9　257
19　334

1. LIEN OF EXECUTION.
Ordinarily, an execution binds the property of the judgment defendant from the time when the writ comes into the hands of the officer.

2. SAME.
If, by any act of the judgment creditor, an execution in the hands of an officer is held for a time unexecuted, or without attempt at execution, it is, during that time, inoperative as against other creditors.

*Appeal from the District Court of Pueblo County.*

Mr. L. A. CRANE, for appellants.

Messrs. McFEELY & RITTER, for appellee.

THOMSON, J., delivered the opinion of the court.

Replevin by the appellants against the appellee for certain goods and chattels. The defendant was a constable, and levied an execution issued by a justice of the peace on a judgment recovered before him by Minnie A. Foss against Harriet Henry upon the goods. The plaintiffs claimed title by virtue of a chattel mortgage upon the same goods, executed to them by Harriet Henry. The execution was issued and delivered to the constable on the 25th day of August, 1894, and the mortgage was executed on the 27th and recorded on the 30th of the same month. The cause was tried by the court. The only question in the case was one of priority of lien between the mortgage and the execution. The court resolved that question in favor of the defendant, giving him judgment accordingly.

The defendant testified that after the execution came into his hands the attorney of Foss directed him to hold the writ until he should receive notice of the goods to be levied upon; that he understood from what the attorney said that he was not to levy until the attorney, or the agent of Foss, should point out the goods; and that nothing further was done in relation to the matter until the 3d day of September following, when either the attorney or the agent informed him where the goods to be levied on were, and he made the levy on that day. The foregoing was substantially the defendant's testimony, and there was no other evidence on the subject.

Ordinarily, an execution binds the property of the judgment defendant for the payment of the judgment from the time when the writ comes into the hands of the officers. This execution was delivered to the constable before the chattel mortgage was executed or recorded, and its lien was therefore prior to that of the mortgage, unless, in consequence of the direction from the attorney, the right of the judgment plaintiff to assert priority of lien was lost. It seems to be settled that an execution held subject to an order

of that kind does not bind the goods of the judgment debtor as against creditors who are diligent. The duty of the officer receiving the writ is to execute it without delay; and if, by any act of the judgment creditor, the writ is held for a time unexecuted, or without attempt at execution, it is, during that time, inoperative as against other creditors. *Williams v. Mellor*, 12 Colo. 1.

It is clear that nothing was done towards levying this execution until after the chattel mortgage was recorded, and it seems equally clear that the delay was in consequence of directions received from the attorney of the judgment plaintiff. The execution was, therefore, not a lien until the levy; but in the meantime the lien of the mortgage attached, and so took priority. Let the judgment be reversed.

*Reversed.*