Thomson, P. J.
Replevin by appellee, as executor of the will of Perley Dodge, deceased, for certain chattels which he alleged were wrongfully taken from his possession by the appellant. Judgment for the plaintiff, and appeal by the defendant.
The following facts are not in dispute: On December 29,1897, W. P. Asher and Arthur Cummings, constituting a copartnership as Asher & Cummings, the proprietors of a livery stable at Salida, in Chaffee county, executed and delivered to the plaintiff, as executor, a chattel mortgage on certain horses, harness and vehicles, belonging to the stable, to secure the payment of four notes, the last maturing on the 29th day of December, 1899. A considerable portion of the money remaining unpaid, on the 26th day of December, 1899, the plaintiff proceeded to Salida, and, according to his statement as a witness, took “physical possession of the property for a forfeiture of the conditions of the mortgage.” The manner of his taking possession was by going to the livery stable, taking with him a Mr. DéWeese as a witness, and proclaiming that he took possession. He then told a hostler employed about the stable that he had *332 possession, and directed the hostler to remain in possession for him. There was no removal or disturbance of the property. Immediately upon assuming-possession in the manner described, the plaintiff took from Asher & Cummings a bill of sale of the property, Asher signing the firm name to the bill. The plaintiff then made a bill of sale of the property to Asher for $1,300, taking from him his note for that amount, due December 27, 1900, and a chattel mortgage of the same property securing its payment, and leaving the property with him. The entire transaction did not consume over an hour. The stable in which the property was kept, belonged to the estate of Dodge, and was occupied by Asher & Cummings as tenants of the estate.
On the 9th day of August, 1899, Seldomridge Brothers, a partnership, recovered a judgment against Asher & Cummings before a justice of the peace; and, on the 9th day of November, 1899, filed a transcript of the judgment in the district court of Chaffee county. On the same day a writ of execution upon the judgment issued out of that court, directed to the defendant as sheriff of Chaffee county, commanding him, out of the property of Asher, to make the judgment and costs. On the 2d day of February, 1900, the defendant, as sheriff, levied the writ upon the property in controversy, being a portion of that embraced in the chattel mortgage last given, and took it into his custody. This action of the sheriff constitutes the wrongful taking mentioned in the com- , plaint. The defendant in his answer denied that the ¡taking was unlawful, and justified under the judgment and execution. The plaintiff asserts title by virtue of the mortgage from Asher, of December 26, 1899.
For the defendant it is contended that when the plaintiff undertook to foreclose the first mortgage *333 by taking the property, there was no such change of possession as to satisfy the requirements of the statute of fraud; that all subsequent proceedings were equally vicious; and that, therefore, as against creditors, the mortgage under which the plaintiff claims title, is void. This proposition is controverted by the plaintiff, who maintains that he took legal possession, and that an actual removal of the chattels was unnecessary, because the estate which he represented was the owner of' the building in which the property was kept.
It is clear that there was no change of possession within the meaning of the statute of frauds. Our reports are full of decisions that the change must be open and notorious; that the possession taken by the vendee must be actual, and of such a character as to give notice to the public that he has become the owner. The possession taken by a mortgagee for a default must be of the same character with that taken b}r a purchaser. — Atchison v. Graham, 14 Colo. 217.
Simply telling an employee of the stable to take charge of the property for the estate, left the possession precisely where it had been. The fact that the estate owned the building is of no consequence. The building was in the possession of the tenants, and not of the landlord. Merely holding the title gave the estate no possession or right of possession either of the building or its contents. — Edinger v. Grace, 8 Colo. App. 21.
But a point is made by the plaintiff which is entitled to more consideration. It is that after the writ of execution was delivered to the sheriff, it was held by him pursuant to direction from the attorney of the owners of the judgment, without attempt to enforce it until after the mortgage from Asher to the plaintiff had been executed and recorded. This mortgage was recorded on the 27th day of December, the *334 day after its execution. The writ was delivered to the sheriff on .the 20th day of November, 1899, 'and the levy was made on the 2d day of February, 1900. Thus seventy-four days elapsed after the sheriff received the writ, before he attempted to execute it. There was evidence to warrant a finding that by reason of directions to the sheriff by counsel'for the owners of the judgment, the latter were responsible for this long delay; and, from its judgment, we must assume that the court so found.
While as against creditors, asserting their rights with diligence, the attempted foreclosure of the mortgage, the bill of sale from Asher & Cummings to the plaintiff, and the bill of sale from the plaintiff to Asher were void, yet as between the immediate parties those acts were legal and regular, and the mortgage from Asher to the plaintiff was a. válid security. Ordinarily a writ of execution is a lien upon the personal property of the judgment debtor from the time of its delivery to the officer; but where, at the instance of the creditor, or his attorney, it lies inactive in the officer’s hands, its lien is subordinated to that of another creditor, subsequently, and before its levy, securing himself upon the property.- — Williams v. Mellor, 12 Colo. 1; Doyle v. Herod, 9 Colo. App. 257.
By reason of the want of effort, for which the judgment creditors were responsible, to enforce this writ, its lien was postponed to the lien of the mortgage.
The judgment is affirmed. Affirmed.
G-unteb, J., not participating.