[No. 5367.]

[No. 3016 C. A.]

## MAYHEW V. SMITH ET AL.

1. **Appellate Practice—No Objection Below—Effect.**

Even though a general denial was bad as not amounting to a denial at all, where at the trial the parties treated it as a good denial and introduced evidence thereunder without objection, its sufficiency cannot be raised for the first time on appeal.—P. 537.

2. **Appellate Practice—Verdict—Sufficiency of Evidence.**

Where the question was properly submitted to the jury as to whether an interlineation on the face of a judgment entered by a justice of the peace was made on the same day it was rendered or thereafter, the jury's finding that it was made on the same day will not be disturbed on appeal, if there is legal evidence to sustain it.—P. 537.

3. **Appellate Practice — Finding ·by Jury — Approval by Trial Court—Effect—Harmless Error.**

Where the trial court submitted to the jury the question of whether an interlineation on the face of a judgment entered by a justice of the peace was made on the day it was rendered or later, its approval of the jury's finding obviated any error in sub-

mitting the question to the jury, even if such question was one for the court.—P. 537.

4. **Practice in Civil Actions—Questions for Jury—Conflict in Evidence.**

In an action to recover for property alleged to have been unlawfully levied upon under a judgment of a justice of the peace, the evidence being conflicting as to whether an interlineation in the judgment was made on the day it was rendered or later, such question was properly submitted to the jury.—P. 537.

5. **Execution—Levy—Necessity of Exhibiting Authority.**

The failure of an officer to exhibit to the debtor his authority for levying an execution, although it may be better practice to do so, does not invalidate the levy, nor afford ground for excluding evidence of the execution under which a levy was made.—P. 538.

6. **Appellate Practice—Proper Objections Below—Waiver.**

The admission of an indorsement on a writ of execution to prove the appointment of a special constable was at first objected to, and afterwards admitted by consent; but counsel thereafter withdrew his consent, and, upon the trial court asking him if he objected to its admission, replied, "I just pass that by without saying anything." Later counsel moved to strike the exhibit, but the court refused on the ground that it was introduced without objection. Held, that the question of the sufficiency of the indorsement of the special appointment will not be reviewed on appeal.—P. 538.

7. **Appellate Practice—Verdict—Approval of Trial Court—Effect.**

In an action to recover for property unlawfully taken under execution levied by a specially appointed constable, the question of whether or not at the time of the special appointment there was a qualified constable who could have been conveniently found in the township having been submitted to the jury, and a motion for a new trial later having been denied by the court, such finding will not be disturbed on appeal.—P. 539.

8. **Practice in Civil Actions—Conspiracy—Evidence—Admissibility.**

In an action to recover for property seized under an alleged unlawful conspiracy between the justice of the peace issuing the execution and the execution creditor, it may be shown that the judgment against the debtor in the justice court was for groceries sold to him, since such fact tends to show that the creditor was seeking in good faith to collect a just debt, and, therefore, tends to disprove a conspiracy.—P. 539.

*Appeal from the District Court of Rio Grande County.*

*Hon. Charles C. Holbrook, Judge.*

Action by Payson E. Mayhew against Willard P. Smith, William Wallace and Charles R. Foster. From a judgment for defendants, plaintiff appeals.

*Affirmed.*

Mr. CHARLES M. CORLETT, for appellant.

Mr. JAMES P. VEERKAMP, for appellees.

Plaintiff Mayhew brought this action against defendants to recover the sum of $160, alleged to be the value of personal property belonging to him, of which defendants unlawfully deprived him; and the further sum of $500, as exemplary damages, which he claims to have sustained as the result of the carrying out of an unlawful conspiracy entered into by defendants to seize and carry away this property, in accomplishing which, with violence, force, and arms, they abused, humiliated, and insulted him, and wantonly disregarded his rights and feelings. The defendants, in their separate answers, deny that the seizure was unlawful, and, as a separate defense, justify under a judgment rendered by defendant Foster, justice of the peace, at the suit of another defendant, Smith, as a plaintiff, which was duly rendered against Mayhew, and which, under the authority of a writ of execution issued by the justice, was executed by the other defendant, Wallace, as a special constable, deputed by the justice to levy upon and sell the property in satisfaction of the judgment.

A replication to the affirmative matters of the answers having been filed, the case was submitted by the court to a jury, which found for defendants, and the judgment, entered upon the findings, has been appealed from by plaintiff.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

1. Plaintiff says that the attempted denial in the answer of each defendant: "He denies each and every allegation contained in the plaintiff's said complaint not hereinafter specifically admitted, denied or traversed," is no denial at all. Whether this contention is true is not important for several reasons. At the trial it was treated as a good denial by both parties, and evidence was introduced in support of it without objection. The point here made cannot, for the first time, be urged upon review.

2. The defendants, in support of their affirmative defense, offered in evidence the judgment, or a transcript thereof, under which they justified. It showed upon its face an interlineation, and the evidence being in conflict as to the time it was made, the court asked the jury to determine the question of fact, in effect instructing them that if such interlineation was made by the justice on the same day the judgment was rendered, the judgment was good; but if made at a later day, the judgment was bad and afforded no justification to defendants in seizing and selling plaintiff's property.

The jury found that the interlineation was made on the day of the judgment, and, as there is legal evidence to sustain the finding, it will not be disturbed.

It seems that plaintiff's contention is that the admissibility of the judgment was a question for the court and not for the jury. If that is so, the court's approval of the jury's finding obviates the objection; but we think it was entirely within the province of the court to submit to the jury, for them to determine upon conflicting evidence, the fact as to the time of interlineation, upon which the validity of the judgment depended. Plaintiff was not thereby injured.

3. Complaint is made that the trial court committed error in receiving in evidence the execution under which the levy and sale were made by the special constable. The ground of the objection is that though the plaintiff here, the judgment debtor under the justice's judgment, repeatedly asked the constable, at the time of the levy, for the execution, the latter either replied that he did not have it, or failed to show it. We are not cited to any statute of this state, or any decision by this court, that such failure of an officer to exhibit to the debtor his authority invalidates a levy. It may be that an experienced officer would advise the debtor that he has an execution, and probably that is the better practice; but his refusal to do so does not invalidate the levy or sale thereunder.—11 Am. & Eng. Enc. Law (2d ed.) 650.

4. No qualified constable was present at the office of the justice of the peace at the time of the application for a writ of execution, and it appearing to the justice that none such could be conveniently found in the township, he thereupon appointed Wallace, one of the defendants, a special constable to execute and serve the writ of execution. This appointment was made out under the hand and seal of the justice, not upon the back of the paper on which the execution was printed, but upon a separate piece of paper, which was then put on the back of, and fastened to, such paper. When an attempt was made by defendants to prove the special appointment by introducing such indorsement, objection at first was made by one of plaintiff's counsel. Afterwards, however, he consented that the exhibit constituting the appointment might go in. Thereafter another of plaintiff's counsel, conceiving that a mistake had been made in consenting to the admission of the exhibit, both of plaintiff's attorneys withdrew their consent. Whereupon the court asked them whether

or not they objected, and the reply was, "I just pass it without saying anything." Afterwards, still later in the trial, when plaintiff's counsel moved to strike the exhibit, the court refused to grant the motion, upon the ground that it went in without objection.

Such being the facts which the record discloses, plaintiff may not, upon this review, be heard to object that the indorsement of the special appointment was not made as our statute requires. Whether or not compliance was had with the statute is, therefore, not involved in this case, and we express no opinion about it.

The further objection that the purported appointment of the constable was void in view of the uncontradicted evidence that there was a qualified constable in this precinct at a distance of five or six miles from the office of the justice, at the time, ready, able, and willing to serve, had he been called upon, is not tenable. By some authorities it is held that whether or not, in the language of our statute, a qualified constable could be "conveniently found in the township," is a question exclusively within the power of the justice himself to determine, and his finding cannot be questioned.—18 Am. & Eng. Enc. Law (2d ed.) 40; *Noles v. State*, 24 Ala. 672, 695.

However that may be, the court submitted to the jury the question whether a qualified constable could be conveniently found at the time of the special appointment, and the jury said that he could not. The trial court, in overruling the motion for a new trial, must have concurred with the jury, and we cannot say they were wrong.

5. It is contended that there was error in permitting defendants to show that the judgment in the justice court against this plaintiff was for groceries sold to him. One of plaintiff's grievances against defendants was that they formed an unlawful con-

spiracy to seize and carry away his property. In one sense, it is immaterial what was the character of the claim that was reduced to judgment, but the fact, if it be a fact, that the judgment creditor was seeking, in good faith, through the court, to collect a just debt by the seizure and sale of the debtor's property, tends to disprove an unlawful conspiracy by him and the court officers wrongfully to deprive the debtor of such property.

6. Plaintiff questions the ruling of the court in refusing instructions tendered by him, and giving certain other instructions of its own motion. Our examination of the record does not disclose that proper objections were made or exceptions saved to the rulings complained of. We may say, however, that the charge of the court was fair and impartial. Plaintiff's rights were carefully guarded by it.

None of the other questions argued possesses merit.

Perceiving no prejudicial error in this record, the judgment is affirmed.    *Affirmed.*

Mr. Justice Gabbert and Mr. Justice Goddard concur.