[No. 5480.]
[No. 3150 C. A.]

## LEWIS v. SMITH ET AL.

1. **Constable—Appointment of Special**—The statute authorizing the appointment of a special constable to serve particular process, "by indorsement on the writ," is complied with by such an appointment, by a separate paper securely fastened to the back of the writ.—(560)

2. **Execution Lien—Chattel Mortgage**—An execution in the hands of a constable is a lien upon defendant's chattels superior to a chattel mortgage subsequently executed, though the mortgagee assumes possession before any levy is made.—(561)

*Appeal from Rio Grande District Court*—Hon. C. C. HOLBROOK, Judge.

Mr. C. M. CORLETT, for appellant.

Mr. JAMES P. VEERKAMP, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff, as mortgagee, and claiming the right of possession under two chattel mortgages,

sued the three defendants to recover actual and exemplary damages, which she says they caused her by seizing and converting to their own use these chattels, in furtherance of a conspiracy into which they entered for such purpose. The defendants answered separately, denying the conspiracy, the seizure and conversion of any of the property covered by the mortgages, and also their validity, and justified the seizure and sale by defendant Wallace as special constable, of certain chattels belonging to plaintiff's mortgagor, but not covered by the mortgage, under an execution duly issued upon a valid judgment, rendered in favor of defendant Smith by his codefendant, Foster, as a justice of the peace, against plaintiff's mortgagor, Payson E. Mayhew. There was a judgment for defendants, and plaintiff appealed.

*Mayhew v. Smith,* 42 Colo. 534 (95 Pac. Rep. 549), was an action by the mortgagor Mayhew against the same defendants, for an unlawful seizure and sale of the same chattels, ownership and possession of which Mayhew claimed. Most of the questions relied upon here by appellant are the same as those raised by appellant there, and considered and decided in that case adversely to him. A careful examination of the record now before us shows that, of the questions argued here by appellant which are worthy of any consideration at all, only two were not decided there, and only these two are for determination on this appeal. These questions are:

A. As to the validity of the appointment by the justice of the peace of the defendant Wallace as a special constable to serve the writ of execution.

B. Concerning the scope and effect, as against the writ of execution, of plaintiff's rights under her mortgages.

1. In view of the findings of fact by the jury as to the status of appellant with respect to this property, it is doubtful if she is in position to urge any objection to the appointment; but, for our present purpose, we may assume that she is entitled to be heard upon it.

In the *Mayhew case,* the same objection was made; but, because of appellant's failure to object to the ruling of the trial court that the appointment was valid, the question was not then determined. Here it is squarely raised. Section 2794, 2 Mills' Ann. Stats., is the section of the statute whose construction is involved. It authorizes a justice of the peace to appoint a person to act as constable in a contingency there named, which shall "be made by a written endorsement, under the seal of the justice deputing, on the back of the process which the person receiving the same shall be deputed to execute." The specific objection made is that the justice did not literally write out the appointment on the very back of the writ. This statute was taken from Illinois, and, in *Gordon v. Knapp,* 1 Scam. 489, it was held that an appointment thereunder must be in strict conformity to the statute, otherwise it is void. This statute, though not the precise question here involved, has been considered by our court of appeals, in *Cort v. Newman,* 6 Col. App. 154, and *Cunningham v. Bostwick,* 7 Col. App. 169, and the construction of the Illinois court was adopted. In *Hamill v. Ferrier,* 8 Col. App. 266, where the appointment of the constable was made by the justice on a separate paper, it was held that this was not a compliance with the statute. In none of these cases, however, were the facts the same as in the case at bar. Here the special appointment, though not literally made upon the back of the writ of execution, was properly

made out and signed and sealed by the justice on a separate piece of paper which was then securely fastened to, and on the back of, the writ before delivery to the appointee. To hold this not to be a compliance with the statute is entirely too technical. We think the appointment, under the authorities, constituted a substantial compliance with the statute.—*Cowdery v. Johnson*, 60 Vt. 595; *Brown v. Foster*, 43 Mass. 152; *Reynolds v. Atlas Accident Ins. Co.*, 69 Minn. 93; *Davis v. Town of Fulton*, 52 Wis. 657.

2. The court, under appropriate instructions, submitted to the jury for their finding the questions as to the validity of plaintiff's mortgages, and whether any of the property covered thereby was seized. If there is any evidence legally sufficient to sustain the findings, which are against plaintiff, under our established rule we cannot set them aside. But appellant strenuously argues that there is no evidence whatever to show the invalidity of her mortgages, hence any finding by the jury that they were invalid cannot stand. Without entering upon a discussion of that question, because we find it unnecessary to do so, and if it be assumed, for our present purpose, that the mortgages are valid, there is abundant evidence upon which a jury might properly find that there was no seizure of any property, covered by either of the mortgages, to which plaintiff's lien was superior to that of the execution lien. The first mortgage was executed several months before the present controversy arose, and before the execution was issued upon the judgment on which defendants rely. Several days after this execution was issued and delivered to the constable, and after he had noted upon the same the time of its delivery, Mayhew executed a second mortgage to plaintiff to

secure the same debt that was secured by the first one, and an additional amount of money which she then lent, which mortgage covered the same property included in the first mortgage and some other property. Plaintiff took possession soon thereafter, and before the seizure.

By section 2669, 2 Mills' Ann. Stats.: "The personal property of every defendant in a judgment before a justice of the peace shall be bound for the payment of such judgment from the delivery of the execution issued thereon to the constable." Under this statute, the lien, secured by the delivery of the writ of execution to the constable before the execution of the second mortgage, constituted a superior lien to that which plaintiff's second mortgage gave her, even though she took possession before the levy of the writ. Witnesses, including the special constable, testified that that officer had a certified copy of the first mortgage before him at the time of the levy of the writ, and that it was not levied upon, and he did not seize or take or sell thereunder any of the property covered by the first mortgage, but left it upon the premises for the benefit of whoever was entitled to it.

It therefore appearing that there was evidence which justified the finding that no property to which plaintiff was entitled under these mortgages was seized or taken by defendants, plaintiff is not entitled to damages for its value.

There is no prejudicial error in this record, and the judgment is therefore affirmed.        *Affirmed.*

Chief Justice Steele and Mr. Justice White concur.