No. 12,534.

Robinson *v.* Wright, Executor.

(9 P. [2d] 618)

Decided March 14, 1932.

Mr. TRACY C. CAMERON, Mr. THOMAS A. NIXON, for plaintiff in error.

Mr. MORTIMER STONE, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

W. ED. Wright, Jr., as executor of the estate of W. Ed. Wright, deceased, obtained judgment against B. E. Robinson for possession of personal property. Robinson says that the judgment was erroneous.

On February 9, 1928, an execution was issued out of the district court of Weld county on a judgment against

Lacey H. Mathews, and, on the same day, the execution was placed in the hands of Robinson, as sheriff of that county. On March 22 of the same year Wright sold and delivered to Mathews an automobile and a team of mules, taking from him, at the same time and as part of the same transaction, two chattel mortgages to secure the payment of part of the purchase price. The mortgages were recorded on April 10. Four days thereafter Robinson, by virtue of the execution, levied upon the automobile and the mules, taking them from the possession of Mathews. Thereupon Wright brought suit for possession of the property.

■ 1. At common law an execution bound the debtor's personal property from the time the execution was awarded. 23 C. J. p. 490. To prevent the embarrassment to trade resulting from this rule, an English statute provided that no writ of execution should bind the debtor's property, except from the time of the delivery of the writ to the sheriff. Similar statutes have been passed quite generally in the United States. *Id.* We have such a statute in Colorado. C. L., §5913. The lien thus created is not a secret lien, for the statute requires the sheriff, upon receipt of the writ, to endorse thereon, and to enter in a book kept for that purpose in his office, the exact time when the writ was received; and the statute declares that such book "shall be a public record and open to the inspection of the public."

■ It has been held repeatedly that under the statute an execution lien upon the personal property of the debtor attaches upon receipt of the execution by the sheriff. *Williams v. Mellor,* 12 Colo. 1, 19 Pac. 839; *Joslin v. Spangler,* 13 Colo. 491, 22 Pac. 804; *First National Bank v. Monte Vista Hardware Co.,* 75 Colo. 440, 226 Pac. 154; *Ankele v. Elder,* 19 Colo. App. 330, 75 Pac. 29; *Lewin v. Telluride Iron Works Co.,* 272 Fed. 590, 595; *First State Bank v. Fox,* 10 Fed. (2d) 116. The same effect is given to an execution issued by a justice of the peace and in the hands of a constable. C. L. §6082; *Lewis*

*v. Smith,* 45 Colo. 557, 101 Pac. 762; *Doyle v. Herod,* 9 Colo. App. 257, 47 Pac. 846.

2. Ordinarily an execution lien has priority over chattel mortgage liens and other liens thereafter acquired. See cases cited above. However, counsel for Wright says that there are two reasons why the judgment should be affirmed, notwithstanding the rule just stated. Of these in their order.

(1) It is contended that the lien of the execution became subordinate to the lien of the chattel mortgage by reason of the fact that the execution was permitted to lie in the hands of the sheriff for more than sixty days, without any attempt or effort to make a levy.

██ The proper office of an execution is to enforce the collection of a judgment, not to create a security. If, because of any direction by, or of any understanding with, the execution creditor, the sheriff delays making a levy upon the debtor's property, the lien is held to be waived during the period of such delay. *First National Bank v. Monte Vista Hardware Co., supra; Doyle v Herod, supra; Ankele v. Elder, supra.* There was no such express direction or understanding in the present case. True, where the sheriff delays an unreasonable time to make a levy, it is presumed, in the absence of an explanation for such delay, that the delay was caused by direction of the execution creditor. *First National Bank v. Monte Vista Hardware Co., supra.* But in the present case the circumstances reasonably explain the delay in making the levy. Mathews did not acquire the property until March 22. He lived on a farm some distance from the county seat. The chatel mortgage was not recorded until April 10; and, so far as the record discloses, that was the first notice the execution creditor had that Mathews owned the property. Four days thereafter the execution was levied. The trial court held that the lien of the execution was not waived. The ruling was right. In the circumstances, the delay was not unreasonable; it therefore raised no presumption that the

failure to levy sooner was due to any direction by the execution creditor.

(2) The two chattel mortgages are purchase-money mortgages; and it is said that purchase-money mortgages have priority over prior liens.

We have held that a mortgage of land executed by a purchaser thereof contemporaneously with the acquisition of the title, or afterwards as part of the same transaction, is entitled to preference over all other claims or liens through the mortgagor, even though prior in time. *Emery v. Ward,* 68 Colo. 373, 191 Pac. 99. The reason for the rule is that, the execution of the deed and mortgage being practically simultaneous acts, the title does not for a single moment rest in the purchaser unencumbered by the mortgage.

But counsel for Robinson contend that the rule applicable to real estate mortgages does not apply in the case of chattel mortgages, because real estate mortgages, though not recorded, are valid, not only between the parties, but as to third persons with notice; whereas unrecorded chattel mortgages, they say, are not valid as to third persons, even though they have actual notice thereof, and, therefore, between the giving and the recording of a chattel mortgage there is an interval of time when the purchaser has an unencumbered title to which a prior lien attaches. *Blatchford v. Boyden,* 122 Ill. 657, 13 N. E. 801, cited by counsel, seems to recognize such distinction between real estate mortgages and chattel mortgages. We do not take the view that there is a valid distinction between them. It is a mistake to suppose that in this state unrecorded chattel mortgages are void as to third persons with actual notice thereof. The statute is to the contrary. C. L. §5086. The reason for the rule that we are considering applies equally to real estate mortgages and chattel mortgages, and, by the weight of authority, the same rule applies to both. See cases collected in 11 C. J., p. 648. A chattel mortgage, whether recorded or unrecorded, is valid as between the mortgagor and the

mortgagee, and in cases such as the one at bar the passage of title to the purchaser and the creation of the lien of the purchase-money mortgage are simultaneous.

In the present case the automobile and mules were acquired after the execution was received by the sheriff. An execution lien attaches not only to property owned at the time the execution was so received, but to property acquired thereafter while the writ is in force. 23 C. J. 494. In this respect, the execution lien in the present case is similar to the lien of a chattel mortgage covering after-acquired property. In *Indian Creek Coal Mining Co. v. Home Savings & Merchants Bank,* 80 Colo. 96, 249 Pac. 499, the Routt-Pinnacle Company gave to the bank, as trustee, a mortgage covering after-acquired property. Thereafter the Indian Creek Company sold and delivered to the Routt-Pinnacle Company certain chattels, and as part of the same transaction leased to that company certain land. The lease reserved a lien upon the personal property to secure the payment of all moneys due to the Indian Creek Company under the lease. We held such provisions in the lease to be, in effect, a "mortgage or form of security," and that the Indian Creek Company's lien was superior to the lien of the mortgage as to the property thus sold. We said: "The Routt-Pinnacle Company acquired its interest after it had given the mortgage to the bank, and they are subject thereto only because of the provision therein that it shall attach to after-acquired property. In such case the mortgage grasps only what the mortgagor gets and takes subject to all the reservations in the grant to him and all liens and other incumbrances granted by him as a part of his transaction of purchase. The mortgagee gets a windfall and has no equity in it. The cases are very numerous. *United States v. N. O. R. R.,* 12 Wallace, 362, 20 L. Ed. 434, is enough. Even if the property comes into the hands of the mortgagor subject to a lien which is good against him, though for want of formalities it is not good against his subsequently attaching creditors

and third persons, it is nevertheless prior to the lien of a mortgage under an after-acquired property clause. *Harris v. Youngstown Bridge Co.,* 90 Fed. 322, 33 C. C. A. 69, where many other cases are cited. The United States Court in Colorado has so held, in spite of the Chattel Mortgage Acts. *Frank v. D. & R. Co.,* 23 Fed. 123. The lease from the Indian Creek Company to the Routt-Pinnacle Company was one transaction with the bill of sale of the personalty, and contained the above provision that the lessee should not remove any of the improvements, buildings, machinery or equipment until it had paid all moneys due under the provisions of the lease. The mortgage attached to the property subject to all this. * * * The objection that the property on which the Indian Creek Company claims the lien is not sufficiently described in the lease is not tenable. The lease, bill of sale and inventory must be read together, the bill of sale and lease describe the property in general terms and the inventory specifically; the description is there full and complete. That the bill of sale and inventory are not recorded is not available to a mortgagee who claims under the after-acquired clause. United States v. N. O. R. R., supra.''

In *United States v. New Orleans Railroad,* 12 Wall. 362, 20 L. Ed. 434, cited in the opinion in the Indian Creek Company case, supra, it was held that a purchase-money mortgage given at the time of the purchase has precedence of a mortgage theretofore given and covering after-acquired property. The court said: ''A mortgage intended to cover after-acquired property can only attach itself to such property in the condition in which it comes into the mortgagor's hands. If that property is already subject to mortgages or other liens, the general mortgage does not displace them, though they may be junior to it in point of time. It only attaches to such interest as the mortgagor acquires; and if he purchase property and give a mortgage for the purchase-money, the deed which he receives and the mortgage which he

gives are regarded as one transaction, and no general lien impending over him, whether in the shape of a general mortgage, or judgment, or recognizance, can displace such mortgage for purchase-money. And in such cases a failure to register the mortgage for purchase-money makes no difference. It does not come within the reason of the registry laws. These laws are intended for the protection of subsequent, not prior, purchasers and creditors.''

In *Fosdick v. Schall,* 99 U. S. 235, 25 L. Ed. 339, a railroad company executed a mortgage covering after-acquired property, and thereafter purchased some cars, under a contract whereby the seller retained title until the purchase price was paid. It was contended that the mortgage created a subsisting and paramount lien on the cars as soon as they were put into the possession of the railroad company under the contract, and that the reservation of the title was void under the laws of Illinois, because the contract was not recorded. The court held that the lien of the mortgage did not attach to the cars upon their delivery so as to defeat the purchase-money lien of the seller, saying: ''The mortgage attaches to the cars, if it attaches at all, because they are 'after-acquired' property of the company; but as to that class of property it is well settled that the lien attaches subject to all the conditions with which it in incumbered when it comes into the hands of the mortgagor. The mortgagees take just such an interest in the property as the mortgagor acquired; no more, no less.'' And see *Harris v. Youngstown Bridge Co.,* 33 C. C. A. 69, 90 Fed. 322; *Frank v. Denver & R. G. Ry. Co.,* 23 Fed. 123 (Colorado case); *Hammel v. First National Bank,* 129 Mich. 176, 88 N. W. 397.

We conclude that in the present case the two purchase-money chattel mortgages have priority over the execution lien.

The judgment is affirmed.