No. 22288.

UNITED STATES RUBBER COMPANY, A CORPORATION *v.* JOHN ASHBACK, QUINCY ASHBACK, DURANGO BUSINESS BUILDING, INC., A COLORADO CORPORATION, ANIMAS REALTY COMPANY, A COLORADO CORPORATION, AND WILLIAM THOMPSON.
(422 P.2d 372)

Decided January 9, 1967.     Rehearing denied January 30, 1967.

EMIGH and EMIGH, for plaintiff in error.

No brief for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

ON December 23, 1958, plaintiff in error, hereinafter referred to as the plaintiff, obtained a judgment against John Ashback (and others not involved in this controversy) for approximately $30,000. On January 9, 1959, an execution based on the judgment was placed in the hands of the sheriff of La Plata county. A nulla bona return was made by the sheriff on this execution.

There was some evidence tending to prove that after expiration of the original writ an alias execution was placed in the hands of the sheriff. Indulging all inferences in favor of the plaintiff, the last execution received by the sheriff expired on July 7, 1959. No levy was made upon any specific property belonging to Ashback. It is the contention of the plaintiff that an execution lien became effective and was imposed upon the personal property of Ashback when the first execution was received by the sheriff; that the lien thereon continued in effect at all times thereafter; and that the

transfer of certain corporate stock from Ashback to one William Thompson had no effect upon the validity of the execution lien.

In the instant action, the plaintiff named as defendants the corporations which had issued the stock on which the lien was claimed and William Thompson who claimed ownership of the stock by transfer from John Ashback. The plaintiff asserted two claims, the first of which seeks to impress an execution lien upon stock formerly owned by John Ashback and now assertedly owned by Thompson. The plaintiff sought a sale of the stock, the proceeds derived therefrom to apply on the judgment. The second claim seeks to set aside the transfer of the stock to Thompson as being in fraud of creditors.

It was determined by all the parties that the trial court should separate the two claims for trial since if the plaintiff should succeed with regard to the first claim the entire controversy would be resolved. The trial court adjudged that the first claim of the plaintiff could not be sustained and entered judgment dismissing it. The judgment included the following:

"The Court finds that there is no just reason for delay of entry of Judgment upon the First Cause of Action contained in the Plaintiff's Complaint, and the Court hereby directs that a final Judgment dismissing the Plaintiff's First Cause of Action with prejudice be entered."

In reaching the conclusion indicated by the judgment the trial court applied the rule stated in 33 C.J.S. 304, § 131, as follows:

"In the absence of a statute to the contrary, the lien of an execution ceases on the return of the writ nulla bona or on the return day of the writ, unless there is an actual levy, and, where no levy is made before the return of the writ, personalty not levied on before such return may be subjected to the lien of a junior execution. * * *"

This rule was approved in this jurisdiction in the early case of *Speelman v. Chaffee*, 5 Colo. 247. It was followed in principle by the opinion in *First National Bank of Center v. Monte Vista Hardware Co.*, 75 Colo. 440, 226 Pac. 154. See also *Robinson v. Wright*, 90 Colo. 417, 9 P.2d 618. No error was committed by the trial court in dismissing the first claim of the plaintiff.

The judgment is affirmed.

MR. JUSTICE McWILLIAMS not participating.