A. H. BLACK et al., Partners, etc., *Appellants*, v. D. I. GIARTH (THE PRAIRIE OIL & GAS COMPANY, Garnishee, and THE FRICK-REID SUPPLY COMPANY, Interpleader, *Appellees*).

No. 17,869.

### SYLLABUS BY THE COURT.

LIEN—*Oil Well—Labor and Material—No Lien on Oil Produced.* No lien upon the oil produced can be acquired under a statute providing that any person who, under contract with the owner of a leasehold for oil and gas purposes, shall perform labor or furnish material used in making or operating any oil or gas well "shall have a lien upon the whole of such leasehold . . . or lease for oil and gas purposes, the buildings and appurtenances, and upon the materials and supplies so furnished, and upon said oil and gas well for which they were furnished, and upon all the other oil wells, fixtures and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished and labor performed."

Appeal from Montgomery district court. Opinion filed December 7, 1912. Reversed.

*Thomas E. Wagstaff,* and *Edw. H. Chandler,* both of Independence, for the appellants.

The opinion of the court was delivered by

MASON, J.: Black, Sivalls & Bryson sued D. I. Giarth upon an account and served garnishment summons upon the Prairie Oil & Gas Company. The garnishee

answered that it had money belonging to the defendant on account of oil delivered by him, but that The Frick-Reid Supply Company asserted a claim to it. That company was made a party and filed an interplea in which it claimed the proceeds of the oil on the ground that it had a lien thereon acquired under the statute of Oklahoma. The plaintiffs filed a demurrer to the interplea. This was overruled and they appeal.

The sole question presented is whether the statute, which is the same as that of Kansas (Gen. Stat. 1909, § 3924), gives a lien upon oil produced by operators under a lease. It reads as follows:

"Any person, corporation or copartnership who shall under contract, express or implied, with the owner of any leasehold for oil and gas purposes, or the owner of any gas pipe line or oil pipe line, or with the trustee or agent of such owner, who shall perform labor or furnish material, machinery and oil well supplies used in the digging, drilling, torpedoing, completing, operating or repairing of any oil or gas well, or who shall furnish any oil well supplies or perform any labor in constructing or putting together any of the machinery used in drilling, torpedoing, operating, completing or repairing of any gas well, shall have a lien upon the whole of such leasehold or oil pipe line, or gas pipe line, or lease for oil and gas purposes, the buildings and appurtenances, and upon the material and supplies so furnished and upon said oil and gas well for which they were furnished, and upon all the other oil wells, fixtures and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished or labor performed." (Comp. Laws of Okla. 1909, § 6170.)

Under this statute a lien may be acquired upon (1) the leasehold or lease, (2) the buildings and appurtenances, (3) the materials and supplies furnished, (4) the oil and gas well for which they were furnished, and (5) other wells, fixtures and appliances used in operating upon the same leasehold. There is no mention of a lien upon the oil produced, and it is obvious that this could not be included under any of the terms

used, unless possibly a lien upon a well should be deemed a lien upon the oil flowing through it. A lien upon a mine or quarry might well be deemed to include a lien upon the mineral or rock in place, for the mineral may be regarded as a part of the mine, and the rock of the quarry. But the oil is not a part of the well through which it flows. Under a statute giving a lien thereon, a well has been held to consist merely of a hole in the ground and the tubing with which it is lined. (*Devine & Thomas v. Taylor et al.*, 4 Ohio C. D. 248.) Under a different statute it has been said to include the appliances by which it is operated. (*Haskell et al., v. Gallagher et al.*, 20 Ind. App. 224, 50 N. E. 485, 67 Am. St. Rep. 250.) But by no reasonable construction can it include anything more. It is but a means for reaching the oil and conducting it to the surface. The statute makes no attempt to fasten the lien upon the lessor's real estate, or to extend it beyond the interest of the lessee. As he has no title to the oil so long as it remains in the earth (*Phillips v. Oil Co.*, 76 Kan. 783, 92 Pac. 1119, and cases there cited), no lien can attach to it as his property until it is brought to the surface, and when that has been done it is clearly no part of the well. The statute enumerates in great detail the property affected by the lien, and the oil would almost necessarily have been named in the list if there had been a purpose that it should be included.

The only method of realizing upon the lien given by the statute is that provided by the general mechanics' lien act—the sale of the property affected "as in other cases of sales of real estate." (Civ. Code, § 656.) If the legislature had intended to give a lien upon the oil produced a procedure would naturally have been adopted better suited to the enforcement of such a right.

The judgment is reversed with directions to sustain the demurrer to the interplea.