## No. 9537.

## EMERY v. WARD ET AL.

1. PURCHASE MONEY MORTGAGE—*Effect.* A mortgage of land executed by a purchaser thereof contemporaneously with the acquisition of the title, or afterwards as part of the same transaction, is entitled to preference over all other claims or liens through the mortgagor, even though prior in time. Plaintiff conveyed lands to Ward taking back a mortgage for the balance of the purchase money. A prior judgment against Ward, duly recorded, was held subordinate to the mortgage.

*Error to Moffat District Court, Hon. John T. Shumate, Judge.*

Mr. A. M. GOODING, for plaintiff in error.

Mr. W. B. WILEY, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF below, plaintiff in error here, brought suit against Thomas Ward on a note for $250.00, and to foreclose a trust deed given to secure its payment, on certain land in Moffat County. The Public Trustee and The Citizens Bank of Craig were joined as defendants. The bank claims an interest in the land based upon levy and execution sale thereof under a judgment against Ward. The deed of trust was foreclosed, but the right of plaintiff was made subject to that of the bank. That judgment is now here for review on error.

The essential facts are that in 1910 plaintiff, Lucy Ward Emery, sold the land in question to Ward. She was at that time a resident of Kansas, and the transaction was carried out through one Templeton. The purchase price was agreed upon at $400.00, of which Ward paid $150.00 in cash some time in December, 1910. The balance was to be evidenced by note, the payment thereof to be secured by a trust deed on the land, which is the basis of the foreclosure suit. On January 24th, 1911, Templeton, as agent for Emery, prepared the note, the trust deed and the war-

ranty deed. The waranty deed was sent for signature to
Emery, but upon its return to Templeton he discovered an
error in the description, drew another waranty deed, but
bearing date of April 25th, 1911, and forwarded it to his
principal for execution. On June 15, 1911, the warranty
deed was delivered to Ward, and the note and trust deed to
Emery. The trust deed was recorded on the 17th of June,
1911, but the warranty deed was not put on record until
August 1st, 1911.

The judgment relied upon by the bank was secured
against Ward in a justice court, and on March 20, 1909, a
transcript thereof was filed with the Clerk of the District
Court, and on the same day a certified copy thereof was
duly lodged with the Clerk and Recorder of the proper
county. On August 14, 1911, execution was levied upon the
land in question, which was sold thereunder, and on July
19, 1912, a deed by the sheriff therefor was made to the
bank.

On August 24, 1914, this action was brought to foreclose
the deed of trust. A disclaimer was filed by the Public
Trustee and the bank failed to answer. Judgment by de-
fault was entered against Ward on March 30, 1915. The
default as to the bank was later set aside and it answered.
At the trial the facts were found to be substantially as
stated above.

The question then is whether the evidence shows that the
trust deed was given as security for the balance of the pur-
chase price. Upon the whole record, and particularly from
the fact of the simultaneous delivery of the waranty and
trust deeds, and from oral testimony introduced, it is plain-
ly apparent that such indebtedness was for a balance of
the purchase price of the land, and constituted a vendor's
lien thereon. Indeed, that such is in fact the case is prac-
tically undisputed.

It is well settled both on principle and authority that a
purchase money mortgage takes precedence over a judg-
ment against the mortgagor. The rule is stated in 27 Cyc.
1180, in the following terms: "A mortgage given for the

unpaid balance of purchase-money on a sale of land, simultaneously with a deed of the same, and as a part of the same transaction, takes precedence of prior judgments and all other existing and subsequent claims and liens of every kind against the mortgagor, to the extent of the land sold, thus outranking a mortgage previously given by the same mortgagor before he took title to the property but expressed to cover after acquired property."

In discussing the question in *Curtis v. Root*, 20 Ill. 53, it was said: "It is a principle of law, too familiar to justify a reference to the authorities, that a mortgage given for the purchase money of land and executed at the same time the deed is executed to the mortgagor, takes precedence of a judgment against the mortgagor. The execution of the deed and of the mortgage being simultaneous acts, the title to the land does not for a single moment rest in the purchaser, but merely passes through his hands and vests in the mortgagee, without stopping at all in the purchaser, and during this instantaneous passage the judgment lien cannot attach to the title. This is the reason assigned by the books why the mortgage takes precedence of the judgment, rather than any supposed equity which the vendor might be supposed to have for the purchase money."

It is argued, however, that the warranty deed and the trust deed bear different dates, that the trust deed was recorded first, and therefore there is nothing of record to put the bank upon notice that the two papers were parts of the same transaction. As to the first contention, that the deeds bear different dates, the general rule is as stated in 19 R. C. L. 416, § 196, as follows: "It is a general rule, to which there is little dissent, that a mortgage on land executed by the purchaser of the land contemporaneously with the acquirement of the legal title thereto, or afterwards, but as a part of the same transaction, is a purchase money mortgage, and entitled to preference as such over all other claims or liens arising through the mortgagor though they are prior in point of time; and this is true without reference to whether the mortgage was executed to the

vendor or to a third person. The reason for the rule most frequently given is that the execution of the deed and of the mortgage being simultaneous acts, the title to the land does not for a single moment rest in the purchaser, but merely passes through his hands, and without stopping, vests in the mortgagee, and during such instantaneous passage no lien of any character can attach to the title. The deed and mortgage need not be executed at the same moment, nor even on the same day, to make them contemporaneous, provided they are parts of one continuous transaction, and so intended to be, so that the two instruments should be given contemporaneous operation in order to promote the intent of the parties."

The argument that the bank is entitled to rely upon the record as to title, and the incumbrances on the land, has no force because its judgment against Ward was secured long prior to the time when the latter took title. The bank parted with nothing upon the strength of what was upon the record as to the title. What rights it had it still has. It is firmly established that public records so far as notice be concerned have no bearing upon rights of antecedent claimants.

The judgment of the trial court is reversed and the cause remanded with directions to enter judgment for the plaintiff making her lien upon the land paramount to any right of the bank therein.

Judgment reversed and cause remanded with directions.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.