## ELLIOTT v. BIG JACK PETROLEUM CO.
(No. 10351.)

(Court of Civil Appeals of Texas. Fort Worth. Oct. 13, 1923.)

Mines and minerals ⊙⇒112(3)—Laborer employed by contractor for drilling oil well not given lien on contractor's drilling tools.

Vernon's Ann. Civ. St. Supp. 1918, art. 5639b, does not give a laborer employed by a contractor for drilling an oil well a lien on the contractor's drilling tools; it expressly providing that the lien thereby given is created in the same manner and to the same extent as the one given the contractor by article 5639a, which applies only to property owned by the one who employs the contractor.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by O. C. Elliott against the Big Jack Petroleum Company. From an adverse judgment, plaintiff appeals. Affirmed.

---

Bowers & Allison, of Breckenridge, for appellant.

L. H. Welch, of Breckenridge, and Phillips, Trammell & Caldwell, of Fort Worth, for appellee.

DUNKLIN, J.  O. C. Elliott has appealed from a judgment denying him a statutory laborer's lien upon the drilling tools owned by the Big Jack Petroleum Company, a drilling contractor.  The Big Jack Petroleum Company undertook to drill an oil well for the Block 50 Oil Syndicate, which was the owner of an oil lease.

The case was tried before the court without a jury, and the trial judge filed findings of fact, the correctness of which have not been challenged on this appeal.  According to the facts so found, the Block 50 Oil Syndicate was the owner of a leasehold interest in a block of land situated in the town of Breckenridge and employed the Big Jack Petroleum Company, a corporation, as an independent contractor to drill a well on that block.  Appellant O. C. Elliott and one A. M. Brackett were employed by the Big Jack Petroleum Company to perform labor in the drilling operations; Elliott being employed as a tool dresser and Brackett as a roustabout or general utility man.  According to their contracts of employment, Elliott was to receive $15 a day for his labor and Brackett was to receive $200 per month for his labor.  There is now due Elliott $1,647.50, $1,380 of which amount is due for labor performed from the 1st of June to the 31st of August, of 1921.  There is due Brackett the sum of $600 for labor performed during the months of June, July, and August of 1921.  Under an agreement between Elliott and his employer, made June 1, 1921, Elliott was to be paid all money due him on August 20, 1921, and by agreement between Brackett and his employer Brackett's wages were due on the 1st of each month following the performance of labor.  On August 31, 1921, Elliott and Brackett prepared accounts for the amounts due them for their labor, which accounts were duly verified, and filed the same in the office of the county clerk of Stephens county, where they were recorded in the mechanics' lien records of that county.  Later Brackett assigned his claim to Elliott for a valuable consideration, who is the present holder thereof and entitled to bring suit therefor.

The tools upon which a lien is claimed in this suit were owned by the Big Jack Petroleum Company, and were used in the drilling operations, and were necessary to such operations, and during such operations were connected with the well for the purpose of drilling.

The court decreed a personal judgment in favor of appellant against the Big Jack Petroleum Company for the amount of the debt found to be due him and further adjudged that plaintiff should be denied the asserted lien upon the drilling tools.

The following articles of the statutes, upon which appellant bases his claim for a lien, appear in Vernon's Ann. Civ. St. 1918 Supplement:

Article 5639a:

"Any person, corporation, firm, association, partnership, materialman, artisan, laborer or mechanic, who shall under contract, express or implied, with the owner of any land, mine or quarry, or the owner of any gas, oil or mineral leasehold interest in land, or the owner of any gas pipe line or oil pipe line, or owner of any oil or gas pipe line right of way, or with the trustee, agent or receiver of any such owner, perform labor or furnish material, machinery or supplies, used in the digging, drilling, torpedoing, operating, completing, maintaining or repairing any such oil or gas well, water well, mine or quarry, or oil or gas pipe line, shall have a lien on the whole of such land or leasehold interest therein, or oil pipe line or gas pipe line, including the right of way for same, or lease for oil and gas purposes, the buildings and appurtenances, and upon the materials and supplies so furnished, and upon said oil well, gas well, water well, oil or gas pipe line, mine or quarry for which same are furnished, and upon all of the other oil wells, gas wells, buildings and appurtenances, including pipe line, * * * gas and other minerals, upon such leasehold or land or pipe line and the right of way therefor, for which said material and supplies were furnished or labor performed.  Provided, that if labor, supplies, machinery, or material is furnished to a leaseholder the lien hereby created shall not attach to the underlying fee title to the land."

Article 5639b:

"Any person, corporation, firm, association, partnership or materialman, who shall furnish such machinery, material or supplies to a contractor or subcontractor, or any person who shall perform such labor under a subcontract with a contractor, or who as an artisan or day laborer in the employ of such contractor or subcontractor, shall perform any such labor, shall have a lien upon the said land or leasehold interest therein, or oil pipe line or gas pipe line, including the right of way therefor, or lease for oil and gas purposes, the buildings and appurtenances, and upon * * * said oil well, gas well, water well, oil or gas pipe line and the right of way therefor, mine or quarry, for which same are furnished, and upon all of the other oil wells, buildings and appurtenances, leasehold interest, oil or gas pipe line including right of way, or land used in the operating for oil, gas or other minerals upon said leasehold or land for which said material and supplies were furnished and labor performed, in the same manner and to the same extent as the original contractor, for the amount due him for material furnished or labor performed."

Appellant insists that the tools upon which he claimed a lien were appurtenances to the well, within the meaning of those articles of the statutes, and therefore under and by vir-

tue of those statutes he was entitled to the lien claimed by him.

We have reached the conclusion that that contention cannot be sustained. It will be observed that by article 5639a the lien is given only to one who performs labor or furnishes material, machinery, or supplies under a contract with the owner of the leasehold or other property upon which the lien is claimed. By article 5639b a lien is given to one who shall furnish labor, machinery, material, or supplies to, or perform labor for, such a contractor or his subcontractor. But by the terms of that article it is expressly provided that the lien therein given is created in the same manner and to the same extent as the one given to the original contractor by article 5639a, which applies only to property owned by the one who employs such contractor, since the lien given by that article could not apply to property owned by the contractor himself. It is well settled that one claiming a statutory lien must bring his case clearly within the terms of the statute. McClellan v. Haley (Tex. Com. App.) 250 S. W. 413; Barton v. Wichita River Oil Co. (Tex. Civ. App.) 187 S. W. 1043; Williams v. Magouirk (Tex. Civ. App.) 235 S. W. 640; Duty v. Texas-Cushing Oil & Development Co. (Tex. Civ. App.) 242 S. W. 495.

By the judgment rendered, a chattel mortgage on the tools was foreclosed in favor of the North Texas Supply Company; the mortgage being executed by the Big Jack Petroleum Company. Appellant also complains of that foreclosure upon the contention that the lien claimed by him was superior to the mortgage lien, by reason of the fact that he began work upon the well prior to the execution of the mortgage. If we are correct in our conclusion that appellant failed to establish a lien, it follows, of course, that he suffered no injury by reason of the foreclosure of the chattel mortgage.

For the reasons noted, the judgment of the trial court denying appellant the lien prayed for is affirmed. In all other respects the judgment is left undisturbed.