CROWLEY v. ADAMS BROS. & PRINCE.
(No. 2336.)

(Court of Civil Appeals of Texas. Amarillo. May 21, 1924.)

1. Mines and minerals ⟨⟩117—Intervener, as assignee of laborer's claim for work done, could enforce filed lien against property.

Intervener, as assignee of laborer's claim against an owner for labor performed, the lien for which was filed, could enforce his laborer's lien against the property, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 583, 584.

2. Mines and minerals ⟨⟩116—Assignee's lien for labor performed by assignor, when fixed, relates back and takes precedence of all claims attaching since.

An assignee's lien upon property for labor performed by assignor relates back, when fixed, to the time when the work was performed, and takes precedence of all claims attaching to it since that time.

---

**3. Mines and minerals** ⬡⇒112(3) — **Laborer's lien upon oil and gas wells held not to extend to proceeds of sales of oil produced from such wells.**

Under Vernon's Ann. Civ. St. Supp. 1918, arts. 5639a–5639h, a laborer's claim for work done for lessor on oil and gas wells *held* not a lien upon proceeds of sales of oil produced from the wells, and hence not a lien upon money which lessee owed to lessor for oil produced from the wells it purchased from lessor.

**4. Garnishment** ⬡⇒37—**Assignment of right to collect money from lessee held subject to writ of garnishment sued out by assignee's creditor.**

Lessor's assignment to a laborer performing work on oil and gas wells, assigning a debt due lessor from lessee oil company, *held* subject to writ of garnishment sued out by laborer's creditor.

Appeal from Wichita County Court; Guy Rogers, Judge.

Suit by Adams Bros. & Prince against E. D. Price, in which others were made garnishees, and in which, after a consolidation of causes, D. D. Crowley intervened. From a judgment rendered in favor of plaintiff, intervener appeals. Affirmed.

Mathis & Caldwell, of Wichita Falls, for appellant.

Bonner, Bonner & Sanford, of Wichita Falls, for appellee.

HALL, C. J. Adams Bros. & Prince, a partnership, brought a suit for debt against one E. D. Price in the county court of Wichita county, numbered 5373 upon the docket of said court. This suit was filed in March, 1922. In June, 1922, they sued out a writ of garnishment against Magnolia Petroleum Company. This proceeding was numbered 5508. At the same time they sued out another writ of garnishment against G. W. Lyles. This proceeding was numbered 5509. In October, 1922, they recovered judgment against Price in cause No 5373, for $641.25. In December, 1922, in cause No. 5509, they recovered a judgment by default against Lyles, in the sum of $655.80. Thereafter they sued out a writ of garnishment against the Magnolia Petroleum Company based on said judgment against Lyles, which cause was numbered 5863. The Magnolia Company answered in cause No. 5508, July 17, 1922, stating that it was not indebted to the defendant, E. D. Price; that it did not know of any one who was indebted to him unless the facts set up in its answer showed that H. J. Strief and G. W. Lyles were indebted to the said E. D. Price. The facts so set up in its answer were that it had found from examining the title to said property in block 98, Wichita county, that E. D. Price had filed a mechanic's lien and brought a suit to foreclose the same. The Magnolia Company also answered in cause No. 5863 on February 3,

1923, that it was not indebted to the judgment defendant G. W. Lyles, but set out in its answer the following facts: That it was holding in its hands the sum of $882.71, the proceeds of crude oil produced from block 96, in Wichita county, and purchased from said garnishee and its predecessor, the Manhattan Oil Refining Company; that said sum was held by the garnishee for the credit of H. J. Strief and G. W. Lyles, and that it was withholding payment until a release was obtained of a mechanic's lien which E. D. Price had filed on the property from which the oil was produced. The prayer was that all conflicting claimants be interpleaded and that causes Nos. 5508 and 5863 be consolidated.

On March 22, 1923, Adams Bros. & Prince filed a pleading, setting out the answers filed by the garnishee, the Magnolia Company, in causes Nos. 5508 and 5863, praying that said causes be consolidated, and alleged that Strief had no interest in the money held by the garnishee, and prayed that he be cited to answer and adjudged to have no interest in the money. This pleading set out two judgments which have been recovered, one against E. D. Price, in cause No. 5373, and one against G. W. Lyles, in cause No. 5509, alleging that both of said judgments were valid, subsisting, and unpaid either in whole or in part. The court ordered causes 5508 and 5863 to be consolidated. The garnishee, Magnolia Petroleum Company, filed its supplemental answer in the consolidated causes on June 11, 1923, alleging that the matters in controversy with reference to the funds in its hands had now been settled so far as H. J. Strief was concerned, leaving a balance of $650 in its hands, derived from the interest of G. W. Lyles in the oil produced from the lease described in said answers and run by garnishees; that said interest of G. W. Lyles in said lease was subject to a laborer's and mechanic's lien filed by E. D. Price, before said oil was run, and, so far as the said G. W. Lyles was concerned, it had been agreed between them that said $650 should be paid to E. D. Price in settlement of their differences. It was agreed by all parties that the $650 should be turned over to Bert King, attorney for E. D. Price, and held by him to be applied in accordance with such judgment as might be rendered, and that King should be substituted for the Magnolia Petroleum Company, garnishee, assuming all the obligations of the garnishee with respect to said $650 fund. On June 11, 1923, the court entered order of substitution in accordance with this agreement. In the meanwhile, on May 31, 1923, the appellant, Crowley, with consent of the court, intervened, alleging that E. D. Price had in September, 1921, assigned to him all the money which was at that time due the said Price from G. W. Lyles; that Price had a lien upon cer-

tain property in Wichita county, to secure the payment of said indebtedness; that the garnishee, Magnolia Petroleum Company, was purchasing the oil from this property and withheld the payment of $882 because of said lien; that the intervener, as the assignee of Price, prior to the service of any writ of garnishment, was entitled to the money which the Magnolia Company was holding, that is, to the $650 fund then being held by Bert King under the court's order.

The case was tried without a jury and is before us upon an agreed statement of facts, which may be briefly stated as follows: Prior to September, 1921, E. D. Price had performed certain work for G. W. Lyles upon a lease in block 96, in Wichita county, for which Lyles owed him about $800; that in September, 1921, he assigned this debt to D. D. Crowley by written assignment, reciting that the money was due for labor done by Price, describing the property upon which the labor was performed, but did not mention any lien. However, within the time provided by law Price filed his lien, which, so far as the record shows, is in proper form. The lease upon block 96 was the property of G. W. Lyles, who was running the oil from this lease to the Magnolia Petroleum Company, his purchasers, and certain moneys were due from the Magnolia Company to Lyles for such oil. The Magnolia Company refused to pay all of the proceeds of the oil to Lyles until Lyles could procure a release of Price's lien. While matters were in this condition, Adams Bros. & Prince procured judgment against Lyles and a writ of attachment against the Magnolia Company. After the service of the writ, Lyles had apparently agreed to turn this fund over to Price in satisfaction of Price's debt against Lyles. Crowley gave Lyles notice in September, 1921, that he held an assignment of the debt due from Lyles to Price. It was further agreed that Adams Bros. & Prince had actual notice of the assignment by Price of his debt against Lyles to D. D. Crowley before the writs of garnishment were served upon the Magnolia Company.

[1, 2] The court decreed· that appellant, Crowley, take nothing by reason of his intervention. According to the written assignment incorporated in the statement of facts, Price assigned to Crowley "all the money now due me from G. W. Lyles." It further appears from the writing that Lyles owed Price approximately $800, "for work done by me on that certain oil well known as the Old Dominion and located," etc. By his plea of intervention Crowley made no effort to reduce his claim to a judgment. Under the provisions of Vernon's Sayles' Ann. Civ. St. 1914, arts. 583 and 584, he might have, in so far as this record shows, recovered a judgment against both Price and Lyles in his own name. He not only failed to pray for judgment against them, but, in so far as the record discloses, the lien which he acquired in virtue of the assignment of the debt from Price has never been foreclosed upon the property described in it. As assignee of Price's claim against Lyles, he is entitled to enforce his laborer's lien against the property. Murphy v. Williams, 103 Tex. 155, 124 S. W. 900. This remedy is still open to him, and it would seem that his lien upon the property, when fixed, relates back to the time when the work was performed and would take precedence of all claims which may attach to it since that time. Moore v. Carey Bros. Oil Co. (Tex. Civ. App.) 246 S. W. 1083; Trammell v. Mount, 68 Tex. 210, 4 S. W. 377, 2 Am. St. Rep. 479.

[3] A laborer's lien upon oil and gas wells, etc., under the provisions of articles 5639a–5639h, Vernon's Ann. Civ. St. Supp. 1918, attaches only to such property as is specifically mentioned in the statute. The proceeds of the sales of oil produced from the well are not included in the statute. The appellant, therefore, has no lien upon the money which the Magnolia Company owed for oil produced from these wells which it had purchased. Elliott v. Big Jack Petroleum Co. (Tex. Civ. App.) 255 S. W. 1018; Security Banking & Investment Co. v. Flanagan (Tex. Com. App.) 254 S. W. 761; McClellan v. Haley (Tex. Civ. App.) 237 S. W. 627; Williams v. Magouirk (Tex. Civ. App.) 235 S. W. 640.

[4] The 'fund, which appellees have impounded in the hands of the Magnolia Company, is due Lyles. The Magnolia Company has never owed Price anything, nor has it agreed to pay Price the amount which it owed Lyles. Lyles' arrangement with Price, in virtue of which Price might have collected from the Magnolia Company this amount, is subject to the appellee's writs of garnishment. It is 'unnecessary to discuss the various propositions in detail. What is said disposes of all the contentions urged by appellant.

A proper judgment has been entered, and it is affirmed.