R. H. WILKINS, d/b/a Wilkins Drilling Company, Appellant,

v.

A. Allen FECHT et al., Appellees.

No. 13929.

Court of Civil Appeals of Texas.

San Antonio.

April 25, 1962.

Rehearing Denied May 16, 1962.

Perkins, Floyd, Davis & Oden, Lawrence H. Warburton, Jr., Alice, for appellant.

John F. Ryan, Laredo, P. W. Minter, Hebbronville, for appellees.

POPE, Justice.

The question presented is whether defendant Allen Fecht was an "owner of any gas, oil or mineral leasehold interest in land" under the terms of Article 5473, Vernon's Tex.Civ.Stats. The court awarded plaintiff, R. H. Wilkins, a personal judgment for $1,398.50 for work he did on an oil well, but denied his claim for a mechanic's lien. This was a correct decision.

A laborer's lien under Art. 5473 attaches only to that property which is specifically mentioned in the statute. The proceeds of the sales of oil produced from a well are not included in the statute and are therefore not reached. Crowley v. Adams Bros. & Prince, Tex.Civ.App., 262 S.W. 883. See Jeffers, Statutory Lien on Oil and Gas, 13 Tex.L.Rev. 180.

The only right in the well which Fecht held was the right to the proceeds from the well. His interest was embodied in a letter contract made with Gus Cormier in 1959. Cormier, in turn, had acquired his interest from the owner and operator, O. W. Killam, by a letter contract in 1954. By that contract Cormier would receive five-eighths of eight-eighths of the money collected by Killam for the oil he sold. Cormier, in 1959, contracted with defendant Fecht, "that as and when the said Gus Cormier receives remittances for the ⅝ or ⅝ths production * * * he will immediately thereupon endorse such remittances over to" Fecht. The agreement provided that neither the owners nor Cormier would be responsible for any expenses incurred by Fecht. Since Fecht had rights only to the proceeds of the oil, he was not an owner of an oil, gas, or leasehold interest.

The judgment is affirmed.