## No. C–141

### Leo Chambers v. C. E. Nation
(497 P.2d 5)

Decided April 10, 1972. Rehearing denied May 30, 1972.

Rodden, Cooper, Woods & Mitchell, C. James Cooper, Jr., for petitioner.

Hellerstein and Hellerstein, Stephen A. Hellerstein, Francis J. Manning, Kenneth Breneman, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This action is the result of a cross-claim filed by Chambers against Nation, both of whom were defendants in the trial court in a separate action. We will hereinafter refer to both parties by name.

The facts of this case have been stipulated to by the parties. Leo Chambers is the holder of a mechanic's lien upon an oil and gas well and related property which has an effective date of November 18, 1964. On December 31, 1964, C. E. Nation entered into a leasing arrangement with Jack L. Hennig, the well owner, whereby Nation furnished and installed a pumping unit and sucker rods for Hennig. The lease contained an option to purchase for a small consideration in addition to the required rental payments. When Hennig defaulted in his rental payments, Nation, on September 14, 1965, removed the equipment. He thereupon sued Hennig and was awarded a deficiency judgment. To execute upon this judgment, Nation garnisheed the proceeds from oil which had been removed from the well. Chambers thereafter filed his cross-claim, alleging that as holder of a prior subsisting mechanic's lien, his right to the equipment repossessed by Nation as well as to the proceeds from the oil extracted from the well, was superior to Nation's.

The trial court ruled in favor of Chambers. It decided that the lease was in effect a chattel mortgage and as such was invalid as against Chambers' mechanic's lien. It then concluded that Chambers was entitled to possession of the property which had been removed by Nation. In arriving at

this conclusion, the trial court relied upon C.R.S. 1963, 86-5-3 and 86-5-7. These sections deal specifically with "Liens on Wells and Equipment." The trial court further concluded that the proceeds of the oil were subject to Chambers' mechanic's lien and could not therefore be garnisheed by Nation.

The Colorado Court of Appeals reversed, *Nation v. Chambers,* 29 Colo. App. 413, 486 P.2d 460, holding that a mechanic's lien on wells and equipment does not take priority over a purchase money security agreement even though that security agreement comes into existence after the inception of the mechanic's lien. The Court of Appeals reasoned that as the delivery of title and creation of security interest, the purchaser, Hennig, never acquired a title to which Chambers' pre-existing mechanic's lien was able to attach. The Court of Appeals also reversed the trial court's conclusion that Chambers was entitled to a judgment against Nation for the amount of the proceeds of oil which Nation had garnisheed from Hennig giving as its reason the fact that Colorado's lien statute pertaining to wells and equipment, C.R.S. 1963, 86-5-1, does not anywhere expressly grant a mechanic's lien against the proceeds payable for production from a well. Because this Court has not heretofore specifically addressed itself to the important questions raised by this action, we granted certiorari.

As the Court of Appeals correctly perceived, this action presents two central issues for consideration. The first is whether the vendor of oil well equipment who has a purchase money security interest in the equipment may remove it upon default of the purchaser, or, whether the equipment is subject to a valid mechanic's lien which has an effective date that is prior to the date of the purchase money security agreement. The second question is whether such a mechanic's lien which attached to oil in the ground is rendered invalid because the oil was thereafter removed from the ground and ultimately sold, or, whether the lien can be asserted against the proceeds paid for the oil. After examining the applicable law in this area, we agree with the Court of Appeals with

respect to these two issues and affirm.

I.

 The first issue is resolved when reference is made to the Colorado statute which specifically delineates the property which may be subject to mechanics' liens, C.R.S. 1963, 86-5-1. Section 1 provides that:

"Every person. . . who performs labor upon. . . any gas well, oil well or other well,. . . shall have a lien to secure the payment thereof upon the properties mentioned *belonging to the party* or parties contracting with the lien claimants. . . *to the extent of the right, title, and interest of the owner,* part owner or lessee. . . and such lien shall extend to any *subsequently acquired interest* of any such owner, part owner or lessee." (Emphasis added.)

We agree with the trial court that the "lease" was in effect a chattel mortgage and hereafter deal with it as though it were a purchase money mortgage. *Illinois Building v. Patterson,* 91 Colo. 391, 15 P.2d 699; *Frank v. Denver & Rio Grande Ry. Co.,* 23 F. 123 (C.C. Colo.). The language of C.R.S. 1963, 86-5-1 becomes relevant in this action when one considers that in any purchase money security agreement the title to the property which is the subject matter of the agreement never rests with the purchaser in an unencumbered state. The purchaser never acquires a title which is completely free of the vendor's security interest, and, in the language of section 1, the property does not really "belong" to him, except in an equitable sense. It follows, then, that the lien granted Chambers by section 1 could not and did not attach to Nation's purchase money security interest in the personal property involved here.

 Chambers' lien, by the express wording of the statute, could only attach "to the extent of the right, title and interest" of Hennig and here Hennig acquired only an equitable interest in the property subject to Nation's security claim. *Fosdick v. Schall,* 99 U.S. 235, 25 L.Ed. 339; *Frank v. Denver & Rio Grande Ry. Co., supra; F. Storke and D. Sears, Colorado Security Law,* § 22 at 75. Recognizing this rationale, this Court has consistently held, as we do today,

that a purchase money security interest in property takes precedence over any pre-existing lien. *Bank of Denver v. Legler,* 142 Colo. 333, 350 P.2d 1059; *Robinson v. Wright,* 90 Colo. 417, 9 P.2d 618; *Emery v. Ward,* 68 Colo. 373, 191 P. 99.

■ Chambers argues that section 1 of the lien statute mandates that his lien "shall extend to any subsequently acquired interest of any such owner, part owner, or lessee" and that therefore the equipment acquired by Hennig subsequent to the effective date of the mechanic's lien should be subject to the lien. Again, this argument ignores the fact that even though the statute provides that Chambers' lien shall extend to "after-acquired" property, the lien can nevertheless only attach to such interest as the purchaser acquired. If, as in this case, the property comes into the hands of the purchaser already encumbered with a purchase money lien, a prior mechanic's lien remains subordinate to the purchase money mortgage, *Myer v. Car Co.,* 102 U.S. 1, 26 L.Ed. 59; *Fosdick v. Schall,* 99 U.S. 235; 25 L.Ed. 339; *Simons v. Lee James Finance Co.,* 56 Wash. 2d 234, 351 P.2d 507; and it cannot displace the security interest which is the subject matter of the purchase money agreement. *United States v. New Orleans Railroad Co.,* 79 U.S. (12 Wall.) 362, 20 L.Ed. 434; *Harris v. Youngstown Bridge Co.,* 90 F. 322 (6th Cir.).

This rule of priorities is not, as the trial court held, affected by C.R.S. 1963, 86-5-3. The pertinent portion of section 3 states that no chattel mortgage shall be valid as against any person "entitled to a lien *under the provisions of this article.*" Section 3, therefore, must be read and construed together with the provisions of section 1. Since we have already ascertained that under section 1 a lien claimant such as Chambers is *not* entitled to a prior lien on property which is the subject of a purchase money security interest, *Robinson v. Wright, supra,* Nation's chattel mortgage on the well equipment has not been rendered invalid by the operation of section 3.

■ The reasoning we have outlined above applies as well

to the trial court's finding that C.R.S. 1963, 86-5-7 was violated by Nation's repossession of the property. As we have pointed out, Nation's lien remained in full force and effect, and his right to repossession upon default was not affected by Chamber's mechanic's lien. The trial court was therefore in error in its finding that Nation's action was in violation of C.R.S. 1963, 86-5-7.

## II.

The second question for us to determine is whether a mechanic's lien can be validly asserted against the proceeds attributable to oil and gas which was severed from the ground and sold after the effective date of the lien. This is a matter of first impression in Colorado. Our examination of relevant authorities, however, reveals that by far a majority of jurisdictions which have addressed themselves to this issue have adhered to the following rule: A mechanic's lien upon oil and gas wells attaches only to such property as is specifically mentioned in the applicable lien statute. If the proceeds of the sales of oil produced from the well are not included in the statute, the lien may not be extended to cover proceeds realized from extracted oil. *Briggs v. McAdams Pipe and Supply Co.,* 359 P.2d 572 (Okla.); *Wilkins v. Fecht,* 356 S.W.2d 855 (Tex.); *Young v. Mayfield,* 316 P.2d 162 (Okla.); *Tarheel Drilling and Equipment Co. v. Valley Steel Products Co.,* 231 Ark. 510, 330 S.W.2d 717; *United States v. Texas Eastern Transmission Corp.,* 254 F. Supp. 114 (D.C. La.); *Garey v. Rufus Lillard Co.,* 196 Okla. 421, 165 P.2d 344; *Southport Petroleum Co. v. Fithian,* 203 La. 49, 13 So.2d 382; *Stanolind Crude Oil Purchasing Co. v. Busey,* 185 Okla. 200, 90 P.2d 876; *Crowley v. Adams Bros. & Prince,* 262 S.W. 883 (Tex. Civ. App.); *Black v. Giarth,* 88 Kan. 338, 128 P. 183; P. Dufford and R. Helmick, *Mechanics' Liens Relative to Oil and Gas Operations,* 34 *DICTA* 207, 384 (1957). *See also American Law of Mining,* § 25.3a at 518 (1971).

The proceeds of the sale of oil and gas are not listed in the Colorado statute, C.R.S. 1963, 86-5-1, as property within the scope of the lien. Hence, as Chambers' statutory

lien attaches to and covers only such items of property as are specifically enumerated in the statute, and since the statute does not include proceeds, the trial court erred in holding that Chambers was entitled to a judgment against Nation for the amount of proceeds which Nation had garnisheed.

Even though this Court agrees that the state's mechanic's lien law should be construed in a most liberal and comprehensive manner in favor of lien claimants, we also subscribe to the view that a mechanic's lien statute cannot be judicially extended so as to be applied to cases which do not fall within its provisions. *Bushman Construction Co. v. Air Force Academy Housing, Inc.,* 327 F.2d 481 (10th Cir.); *Caton Ridge, Inc. v. Bonnett,* 245 Md.2d 268, 225 A.2d 853. We point out that there are other Colorado lien statutes presently in effect, such as C.R.S. 1963, 118-1-37 and 155-9-306(2), which specifically provide that the lien follows the proceeds. We do not believe that the omission of "proceeds" in section 1 of the statute pertaining to oil and gas equipment was a matter of legislative oversight.

Accordingly, the judgment of the Court of Appeals is affirmed.