Bendelow & Darling, P.C., Edward M. Bendelow, Jeffrey R. Bergstrom, Lee J. Darling, Denver, Colorado, for Plaintiff–Appellee.

Gaddis, Kin & Herd, P.C., James W. Kin, Colorado Springs, Colorado, for Defendant–Appellant.

**ALH HOLDING COMPANY, an Arizona corporation, Plaintiff–Appellee,**

**v.**

**BANK OF TELLURIDE, a Colorado banking association, Defendant–Appellant.**

**No. 97CA1805.**

Colorado Court of Appeals, Div. IV.

April 1, 1999.

Certiorari Granted Oct. 18, 1999.

Opinion by Judge KAPELKE.

Defendant, Bank of Telluride (Bank), appeals the trial court's judgment declaring that a deed of trust held by the plaintiff, ALH Holding Company (ALH), on a certain property in San Miguel County, Colorado, has priority over the deed of trust held by the Bank on that property. We reverse and remand with directions.

The parties stipulated to essentially all the determinative facts. In 1993, ALH sold the property for $165,000. In connection with the sale, it received a promissory note from the buyers in the amount of $110,000, se-

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1998.

cured by a deed of trust on the property being purchased. As part of that same transaction, the buyers borrowed $55,000 from the Bank to make the down payment and signed a promissory note payable to the Bank and a deed of trust on the purchased property securing payment of that loan.

The title company that handled the closing recorded the warranty deed and the deeds of trust for the Bank and AHL. Although they were recorded on the same day, the Bank's deed of trust was recorded prior to ALH's deed of trust.

The buyers defaulted on both notes, and the Bank commenced proceedings for foreclosure of its deed of trust. ALH brought this action against the Bank seeking a preliminary injunction to preserve the status quo, and a declaratory judgment determining the respective priorities of the parties' deeds of trust. The court granted a preliminary injunction preventing the Bank from completing the foreclosure.

In its declaratory judgment, the court concluded that because AHL's deed of trust was in the nature of a *vendor* purchase money mortgage it had priority over the deed of trust held by the Bank, even though the Bank's deed of trust had also been given as security for a loan for the purchase of the property and had been recorded first. The Bank appeals from that declaratory judgment.

Relying on *Bray v. Trower*, 87 Colo. 240, 286 P. 275 (1930), the Bank contends that the trial court erred by concluding that ALH's deed of trust had priority. We agree.

In *Bray*, the supreme court concluded that because both the deeds of trust at issue there were in the nature of purchase money mortgages, created in the same transaction, they were "of equal dignity and importance." Accordingly, the court held that the recording statute governed priority.

We recognize that the trial court in its ruling here followed the principle stated in Restatement (Third) of Property–Mortgages § 7.2(c)(1997) that: "[A] purchase money mortgage given to a vendor of real estate, in the absence of a contrary intent of the parties to it and subject to the operation of the

recording acts, has priority over a purchase money mortgage on that real estate given to a person who is not its vendor."

This principle has been adopted by the courts of several other jurisdictions. *See Giragosian v. Clement*, 199 A.D.2d 656, 604 N.Y.S.2d 983 (1993); *Farmers Trust Co. v. Bomberger*, 362 Pa.Super. 92, 523 A.2d 790 (1987); *Friarsgate, Inc. v. First Federal Savings & Loan Ass'n*, 317 S.C. 452, 454 S.E.2d 901 (S.C.App.1995).

The rationale for the principle is that the property upon which the seller is relying for payment was owned by it until the time of sale and the mortgage back, and the seller presumably would not have parted with the property at all except on the belief that, in the event the buyer defaulted, such property could be looked to for payment. A third party mortgagee, on the other hand, including a lender of purchase money, is receiving as security a property in which neither it nor its borrower had previously held any interest. *See* G. Nelson & D. Whitman, *Real Estate Finance Law* 805–806 (3d ed.1993); *see also* Restatement (Third) of Property–Mortgages § 7.2, comment d (1997) (Reporters' Note).

While we understand the logic and policy considerations underlying the priority principle adopted by the Restatement, the fact remains that in *Bray v. Trower, supra*, our supreme court considered and rejected an argument based on that very principle.

In *Emery v. Ward*, 68 Colo. 373, 191 P. 99 (1920), the supreme court had held that a deed of trust in the nature of a purchase money mortgage had priority over a judgment lien, notwithstanding that the lien had been recorded prior to the deed of trust. In so holding, the court recognized the special nature of a purchase money mortgage by reason of its having been created as part of the purchase transaction.

Later, however, in *Bray v. Trower, supra*, the supreme court refused to apply the principle set forth in *Emery* to a situation involving competing holders of deeds of trust both of which were in the nature of purchase money mortgages and were created as part of the same purchase transaction. The court

rejected the notion that the vendor's deed of trust should have priority over that of the third party lender and, instead, held that priority was governed by the order in which the respective instruments had been recorded.

Generally, priorities under the recording statute, § 38–35–109, C.R.S.1998, are based on the order in which the documents are recorded. *Ragsdale Bros. Roofing, Inc. v. United Bank,* 744 P.2d 750 (Colo.App.1987).

Because we are constrained to follow the holding of our supreme court in *Bray v. Trower, supra,* we conclude that the trial court erred in holding that ALH's deed of trust is senior to the Bank's deed of trust. Because the Bank's deed of trust was recorded first, it is entitled to priority absent a subordination or other agreement to the contrary. No such agreement has been claimed or shown to exist here.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded for entry of a judgment declaring that the lien held by the Bank pursuant to its deed of trust has priority over the lien held by ALH pursuant to its deed of trust, and for further proceedings consistent with this opinion.

Judge ROY concurs.

Judge NEY dissents.

Judge NEY dissenting.

The majority concludes that it is compelled to apply the holding in *Bray v. Trower,* 87 Colo. 240, 248, 286 P. 275, 278 (1930) which states: "[S]ince the two trust deeds are of equal dignity and importance in this *one respect, Emery v. Ward,* [68 Colo. 373, 191 P. 99 (1920) ], is not in point, and the recording statute governs." (phrase emphasis supplied) In my view, this statement does not control under the circumstances here; thus, I dissent.

In *Bray,* there was alleged fraud and lack of notice to the parties. Because the court determined that the priority of the purchase money mortgages was governed by the recording statute, it did not address priority between a vendor and third party purchase money mortgage.

Here, however, it is undisputed that all parties had actual notice of both purchase money mortgages and there was no allegation of fraud. Therefore, the facts here are distinguishable from those in both *Emery v. Ward,* and *Bray v. Trower.* I conclude that the priority between vendor and third party purchase money mortgages in the sale of real estate, absent fraud and lack of notice, is an issue of first impression in this state.

### A.

*Emery v. Ward, supra,* involved a purchase money mortgage and a prior judgment lien. The court recognized the special nature of a purchase money mortgage, but did not address the priority between two purchase money mortgages. Therefore, although the logic of *Emery* may be helpful to an analysis of purchase money mortgage law, it is not dispositive of the issue presented here.

### B.

A close reading of *Bray* reveals that the court did not apply the rationale of *Emery* because *Emery* did not involve two purchase money mortgages created in the same transaction. The "one respect" in which the *Bray* purchase money mortgages were of equal importance and dignity refers to the fact that they were both purchase money mortgages created in the same transaction, unlike the inequality of a judgment lien and purchase money mortgage as in *Emery.*

Because fraud and lack of notice were determinative factual issues in *Bray v. Trower,* the supreme court resolved that the recording statute governed the priority. It disposed of the case on this issue and did not reach the issue of the priority of two purchase money mortgages, created in the same transaction, without fraud or lack of notice. My reading of *Bray* does not compel me, as it did the majority, to apply the holding of *Bray v. Trower* to the facts in the present case.

### C.

A purchase money mortgage given to a vendor of real estate, in the absence of a

contrary intent of the parties to it and subject to the operation of the recording acts, has priority over a purchase money mortgage on that real estate in favor of a person who is not its vendor. *See* Restatement (Third) of Property–Mortgages § 7.2(c)(1997).

I conclude that a vendor and third-party purchase money mortgage are not of equal status. The former provides the seller with security for the unpaid balance of the purchase price of the sold land. Alternatively, a third-party's purchase money deed of trust provides a third-party cash lender with security for its loan.

The priority of the security given to vendor who receives a purchase money mortgage was determined by the supreme court in *Chambers v. Nation,* 178 Colo. 124, 128, 497 P.2d 5, 7 (1972):

> [I]n any purchase money security agreement the title to the property which is the subject matter of the agreement *never rests with the purchaser in an unencumbered state. The purchaser never acquires a title which is completely free of the vendor's security interest,* and, ... the property does not really 'belong' to him, except in an equitable sense. It follows, then, that the [third party's] lien ... could not and did not attach to [vendor's] purchase money security interest in the personal property involved here. (emphasis supplied)

From my reading of *Chambers,* I conclude that where a buyer gives the seller a deed of trust at the same time the buyer receives the deed, the title is never unencumbered. Thus, the third-party lien is not of equal priority with the vendor's. Where all parties have actual knowledge of the transactions, therefore, the order of recordation of the deeds of trust has no effect on their relative priority. *See Fecteau v. Fries,* 253 Mich. 51, 234 N.W. 113 (1931).

Although the purchase mortgages in *Chambers* were chattel mortgages, the supreme court has rejected a distinction between real estate and chattel mortgages and has applied the simultaneous act doctrine to both. *See Robinson v. Wright,* 90 Colo. 417, 9 P.2d 618 (1932) and *Bank v. Legler,* 142 Colo. 333, 350 P.2d 1059 (1960).

Applying these principles to the facts in this case, I conclude that when the buyers executed the note to ALH, secured by the deed of trust, title never rested unencumbered in buyers, and therefore, the Bank's deed of trust could not have priority over ALH's deed of trust.

Therefore, I would follow the lead of the other jurisdictions that have adopted the reasoning of Restatement (Third) of Property § 7.2, and would affirm the trial court.